UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LIONHEART DEVELOPMENT, LLC, ET AL.                    CIVIL ACTION

VERSUS                                                NO: 08-4070

APEX BUILDING SYSTEMS, LLC, ET AL.                    SECTION: R(5)

**ORDER**

Before the Court is Michael Fawer's motion to enroll as counsel of record and plaintiff's motion to reopen. For the following reasons, the Court GRANTS both motions.

**I. Background**

On March 31, 2009, this Court granted the motion to withdraw as attorney of record for plaintiff Lionheart Development L.L.C. submitted by Mitchell J. Hoffman and the law firm of Lowe, Stein, Hoffman, Allweis, & Hauver, L.L.P. (R. Doc. ). As a result, Lionheart was left without legal representation. Because "a corporation can appear in a court of record only by an attorney at law," the Court ordered the owner and president of Lionheart, Paul Lewakowski, to appear at a show cause hearing on June 24, 2009. *Southwest Express co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982)(per curiam). In so doing, the Court specifically ordered the appearance of any new counsel in lieu of

the personal appearance of the plaintiff if any new counsel had been engaged. (R. Doc. 33). At the show cause hearing, neither Lewakowski nor any new counsel for Lionheart made an appearance. Consequently, the Court dismissed the action with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). In so doing, the Court noted that Lionheart's failure to acquire adequate representation alone was not cause for dismissal, but rather Lionheart's clear record of delay and unavailability amounted to a "significant period of total inactivity" and justified dismissal. (R. Doc. 44)(citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Lionheart now moves the Court to set aside this Court's order of dismissal and reopen the case under Federal Rules of Civil Procedure 59 and 60. Defendants do not oppose the motion.

**II. Legal Standard and Analysis**

**A.  Motion to Alter or Amend Judgment**

Rule 59 allows a party to move to alter or amend a judgment of the Court. Rule 59(e) states, however, that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The present motion was filed fourteen days after this Court's order of dismissal. (R. Doc. 47). The Court therefore will treat this motion only as one under Rule 60(b). *See Vinzant v. Orleans Parish Prison, et al.,* No. 03-0761, 2005 WL 2037549 (E.D. La.

2005).

**B. Motion to Reopen**

Lionheart argues that it should be relieved from this Court's order of dismissal under Rule 60(b)(1). Rule 60(b)(1) provides that "mistake, iandvertence, surprise, or excusable neglect" are grounds for relief from a judgment or order of the court. Fed. R. Civ. P. 60(b)(1). Lionheart contends that Lewakowski relocated to Colorado and was not aware of his obligation to notify the Court of his new address. (R. Doc. 47). As a result, Lewakowski did not receive notice of this Court's order to appear at the show cause hearing and subsequently did not appear. (R. Doc. 47). The Court takes Lionheart's allegation at face value and finds that Lionheart did not timely receive notice of the show cause hearing. Shortly after this Court's order of dismissal, Lionheart engaged new counsel (R. Doc. 46) and moved the Court to reopen. (R. Doc. 47). The speed in which Lionheart did so strongly suggest that Lionheart has not "lost interest in its lawsuit." The Court therefore finds that "excusable neglect" excuses Lionheart's failure to appear at the show cause hearing. *See generally Martin v. Barnhart*, No. 02-3574, 2004 WL 1661207 (E.D. La. 2004). Accordingly, the Court GRANTS Lionheart's motion to reopen.

## III. Conclusion

For the foregoing reasons, the Court GRANTS Michael Fawer's motion to enroll as counsel of record and GRANTS Lionheart's motion to reopen under Rule 60(b).

New Orleans, Louisiana, this __1st__ day of October, 2009.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE