```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


LIONHEART DEVELOPMENT, LLC, ET              CIVIL ACTION
AL.


VERSUS                                      NO: 08-4070


APEX BUILDING SYSTEMS, LLC, ET              SECTION: R(1)
AL.
```

## ORDER AND REASONS

Before the Court is intervenor Karina Gentinetta's motion for judgment on the pleadings,[1] plaintiff Lionheart Development, LLC and defendant Apex Building Systems, LLC's joint motion to dismiss,[2] and defendants Apex Homes, Inc. and the Estate of Robert Nipple's motion to dismiss.[3]  Because the Court lacks jurisdiction over the intervening complaint, the Court DENIES Gentinetta's motion, GRANTS plaintiff's and defendants' motions, and DISMISSES this case.

## I.   Background

This case arises out of a dispute about the delivery of prefabricated modular homes.  On June 25, 2008, plaintiffs

---

[1]   R. Doc. 126.

[2]   R. Doc. 127.

[3]   R. Doc. 129.

(collectively, "Lionheart") sued defendants (collectively, "Apex") in state court. Lionheart alleged that Apex failed to deliver modular homes to Lionheart as required by contract and that other modular homes that Apex did deliver were damaged. As a result, Lionheart was allegedly unable to deliver the modular homes to its customers. On July 30, 2008, Apex removed the case to this Court on diversity grounds.[4]

Karina Gentinetta filed a motion to intervene on December 1, 2010.[5] The Magistrate Judge granted that motion, and Gentinetta filed her intervening complaint on December 22, 2010, naming Lionheart and Apex as defendants.[6] Gentinetta alleges that she paid Lionheart $94,000 for a modular home that Lionheart never delivered. Gentinetta sued Lionheart in state court, and on February 5, 2009, the state court issued a final judgment against Lionheart awarding Gentinetta $95,200, plus interest and costs.[7] Gentinetta alleges that Lionheart has failed to pay her as required by the state court's judgment, and she seeks judgment

---

[4] R. Doc. 1.

[5] R. Doc. 118.

[6] R. Doc. 122.

[7] R. Doc. 122, Ex. 3.

from this Court recognizing her right to payment of the state court judgment from any funds paid to Lionheart in this matter.

Lionheart and Apex have now settled their dispute. Lionheart is to pay Apex $25,000 over a period of one year, with $5,000 to be paid immediately.[8] Gentinetta's complaint, however, remains outstanding. Gentinetta now moves for judgment on the pleadings, and Lionheart and Apex move to dismiss this case.

## II. Lionheart's Complaint Against Apex

Lionheart and Apex argue, correctly, that Lionheart's action against Apex should be dismissed notwithstanding Gentinetta's intervening complaint. "It has never been supposed that one party-whether an original party, a party that was joined later, or an intervenor-could preclude other parties from settling their own disputes and thereby withdrawing from litigation." *Local No. 93 v. Cleveland*, 478 U.S. 501, 528-29 (1986). It is true that "parties who choose to resolve litigation through settlement may not dispose of the claims of a third party, and *a fortiori* may not impose duties or obligations on a third party, without that party's agreement." *Id.* at 529. Here, the settlement between Lionheart and Apex does not purport to dispose of Gentinetta's

---

[8]  R. Doc. 129, Ex. A.

claim, nor does it impose any duties or obligations on her. Thus, Lionheart and Apex may settle their dispute, and Lionheart's complaint against Apex is DISMISSED.

**III. Gentinetta's Intervening Complaint**

The Court must also consider whether it has jurisdiction over Gentinetta's intervening complaint. The Court's jurisdiction over the original action was based solely on diversity under 28 U.S.C. § 1332. According to the notice of removal, the Lionheart plaintiffs are citizens of Louisiana, the Apex defendants are citizens of other states, and the amount in controversy exceeds $75,000.[9] Gentinetta then brought an intervening complaint against both Lionheart and Apex, but that complaint alleges no independent basis for federal jurisdiction. Further, Gentinetta asserts in her state court petition that both she and Lionheart are citizens of Louisiana, foreclosing the possibility that the Court has diversity jurisdiction over her intervening complaint. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005) (complete diversity is required under § 1332). The Court therefore lacks original jurisdiction over Gentinetta's complaint.

---

[9]   R. Doc. 1.

The Court also lacks supplemental jurisdiction over the intervening complaint, even if it were inclined to exercise such jurisdiction despite dismissing the main action.  Gentinetta moved to intervene of right under Fed. R. Civ. P. 24(a)(2), which states that a court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  It was once the rule in the Fifth Circuit that "no independent ground of [jurisdiction] need be shown to support intervention as a matter of right." *Smith Petroleum Service, Inc. v. Monsanto Chemical Co.*, 420 F.2d 1103, 1113 (5th Cir. 1970).  After the 1990 enactment of 28 U.S.C. § 1367, however, that rule no longer holds.  *See* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1917 (3d ed.) (discussing the enactment of section 1367).  Section 1367(a) grants supplemental jurisdiction over claims that are so related to claims within a court's original jurisdiction that they form part of the same case or controversy, but section 1367(b) provides:

5

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

Under section 1367(b), supplemental jurisdiction cannot be invoked in diversity cases by plaintiff intervenors "whether they are of right or permissive." *Griffin v. Lee*, 621 F.3d 380, 386 (5th Cir. 2010) (quoting Wright, Miller & Kane, Fed. Prac. & Proc. Civ. § 1917).  In *Griffin*, the Fifth Circuit held that the district court lacked jurisdiction over the intervenor's complaint, even though the intervention was purportedly of right, because the original complaint was founded solely on diversity jurisdiction and the intervening complaint did not meet the diversity requirements.  621 F.3d at 387.  This case presents the very same situation.  Thus, the Court lacks jurisdiction over Gentinetta's intervening complaint.

**IV. Conclusion**

For the foregoing reasons, the Court DENIES Gentinetta's motion, GRANTS plaintiff's and defendants' motions, and DISMISSES this case.

New Orleans, Louisiana, this 18th day of March, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE